UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINE SMITH, <br><br> Plaintiff, <br><br> v. <br><br> SHELLIA PORTWOOD, QUENTIN TANNER, SHANAL BARNETT, JERMIAGH DALY, DIRECTOR ROB JEFFRIES, NURSE CRYSTAL, NURSE D. PAGE, DR. MARLENE HENZE, and WEXFORD HEALTH SOURCES, INC <br><br> Defendants. | Case No. 19 C 5329 <br><br> Magistrate Judge Sunil R. Harjani |

### MEMORANDUM OPINION AND ORDER

Plaintiff's Motion to Compel asks this Court to order Defendants Sheila Portwood, Quentin Tanner, Shanal Barnett and Rob Jeffries to produce personnel files and internal affairs documents arising from their employment at the Illinois Department of Corrections. Doc. [110]. For the reasons stated below, Plaintiff's Motion to Compel is granted in part and denied in part. Defendants Portwood, Tanner, and Barnett are ordered to produce disciplinary records and relevant internal affairs documents with personal and confidential information redacted and under "attorney's eyes only" protection. The Court does not find a basis to order the production of records from Defendant Jeffries. As a result, Plaintiff's motion is granted as to Defendant Portwood, Tanner, and Barnett and denied as to Defendant Jeffries.

### Background

Plaintiff Antoine Smith is an inmate incarcerated at Statesville Correctional Center. Doc. [65] at 2. Prior to this lawsuit, Plaintiff worked in the kitchen at Statesville where his primary duty

1

included washing dishes. *Id*. at 3. While undertaking this task, Plaintiff suffered a severe burn on his left arm. *Id*. at 4. Plaintiff claims he was placed in an unsafe working environment because he was required to use boiling water to carry out his job without proper attire. In this action, Plaintiff alleges Defendants Portwood, Tanner, and Barnett demonstrated a reckless indifference to his safety at work. *Id*. at 3, 7. Defendants Portwood, Tanner, and Barnett are correctional officers, and Defendant Jeffries, who has also been sued, is the Acting Director of the Illinois Department of Corrections. Doc. [65] at 2. Counts I and II of Plaintiff's Second Amended Complaint assert claims of violations of the Eight Amendment for unsafe work conditions and inadequate medical care. *Id*. at 6-7. Counts III and IV advance claims of retaliation in violation of Plaintiff's First Amendment right to make complaints and file grievances related to his work conditions and medical care. *Id*. at 10-11. Additionally, in Count V, Plaintiff seeks a permanent injunction from further treatment of his burn injury at Statesville Correctional Center. *Id*. at 12. In their answer to Plaintiff's complaint, Defendants deny the allegations of the Complaint and assert various defenses, such as failure to exhaust administrative remedies, qualified immunity, immunity under the Eleventh Amendment, and no personal involvement in the incidents alleged in the Complaint. Doc. [75]. During the course of discovery, Plaintiff submitted a supplemental request for production of documents to Defendants where he requested Defendants' personnel files and internal investigation records relating to claims of misconduct. Doc. [110] at 2. Defendants objected to the requests as overbroad, burdensome, irrelevant, and asserted a concern for the correctional officers' safety and security. *Id*. at 3. Subsequently, Plaintiff filed a motion to compel production of those files with this Court.

**Discussion**

Plaintiff seeks Defendants' entire personnel files, but more specifically request production about Defendants' training, workplace safety, prior complaints, disciplinary actions, and internal affairs records that, according to Defendants, would be included in Defendants' personnel files. Doc. [114] at 2. Plaintiff states that he intends to review disciplinary records for the burn incident directly involving Plaintiff, as well as investigate any history of similar behavior. Doc. [110] at 6; Doc. [115] at 2. Defendants' main objection to Plaintiff's request for production of personnel files is that the request is overbroad and that there is a valid concern for the officers' personal safety. Doc [114] at 3. Specifically, Defendants claim incarcerated persons with histories of violence should not have access to their private employee information. *Id.* In its consideration of Plaintiff's motion, the Court must decide whether Defendants' personnel files are discoverable and, if so, a process to manage the personal safety concerns asserted.

In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) of the Federal Rules of Civil Procedure applies. Federal Rule of Civil Procedure 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, discoverable information is not limited to evidence admissible at trial. *Id.*; *Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 229656, at *2 (N.D. Ill. Jan. 22, 2021). Moreover, the objecting party carries the burden to show why a particular discovery request is improper. *Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006). Finally, magistrate judges have broad discretion in controlling discovery on matters referred to them. *City of Chicago v. Smollett*, No. 19 C 4547, 2020 WL 3643121, at *2 (N.D. Ill. Jul. 6, 2020).

**A. Relevancy**

In general, parties are permitted discovery to investigate and develop their claims so long as the request is reasonably tailored to produce information that bears on their allegations. *Grayson v. City of Aurora*, No. 13 C 1705, 2013 WL 6697769 at *4 (N.D. Ill., Dec. 19, 2013). Information contained in personnel files may be relevant in cases involving constitutional violations by the individual defendants. *Id.* at 6. This is because "personnel files, including disciplinary histories, of law enforcement officials are relevant to assessing a claim of misconduct by such officials." *Terry v. Zernicke*, No. 94 C 4052, 1996 WL 5183, at *2 (N.D. Ill. Jan. 2, 1996).

In *Terry,* a formerly incarcerated plaintiff accused a defendant correctional officer of facilitating and encouraging an inmate to physically attack plaintiff. 1996 WL 5183, at *1. The plaintiff also alleged he was attacked by two other correctional officers during the altercation. *Id*. In his document production request, plaintiff sought personnel files for these correctional officers, including "complaints, grievances or lawsuits against the defendants, as well as any disciplinary actions taken or considered against them arising out of their duties as correctional officers." *Id*. at 2. The court compelled the plaintiffs to produce the requested files because such files would contain documents concerning misconduct that could aid plaintiff in assessing his claims against the officers. *Id*. at 2.

In *Grayson*, plaintiff sued defendants, including the City of Aurora, for violations of his constitutional rights through flawed investigations and coerced evidence that resulted in his wrongful conviction. 2013 WL 6697769, at *1. Plaintiff asked the City of Aurora to produce personnel files, citizen complaint files, and complete employee complaint histories for the individual defendant officers. *Id*. at 3. The court granted plaintiff's motion to compel. *Id*. at 6. The court found the files were relevant because they could contain information regarding similar

4

complaints filed against the individual defendants and details about how those individuals were punished, if at all, or instead praised. *Id*. at 4. The court reasoned that these complaints could constitute direct evidence that the City had a widespread policy permitting wrongful convictions to support its claim under *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658 (1978).

Here, Officers Portwood's, Barnett's, and Tanner's disciplinary records and internal investigation records are relevant because they will provide Plaintiff with direct evidence of the incident that led to his injury. The documents may contain reports that describe the circumstances of the incident or document the injury to Plaintiff. The requested reports and documents may include witness statements from officers or other inmates who were present during the events leading up to the incident and the incident itself. Moreover, the files may contain statements about the incident from Defendants. If the disciplinary records and internal investigation documents contain such information, this discovery will be material to Plaintiff's claims for deliberate indifference and retaliation. Like plaintiffs in *Terry* and *Grayson*, Plaintiff here is entitled to these documents to evaluate information that might reasonably lead to evidence that prove his allegations.

### B. Federal Rule of Evidence 404(b)

Although not referenced in Plaintiff's motion, it is important to note that the personnel files he seeks may also become relevant evidence pursuant to Federal Rule of Evidence 404(b). Disciplinary records with factual allegations akin to allegations already against a defendant may be relevant and admissible under Rule 404(b) to prove motive, intent, knowledge, and/or modus operandi. *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004); *see also Clark v. Ruck*, No. 13-CV-03747, 2014 WL 1477925, at *2 (N.D. Ill. Apr. 15, 2014) ("[in] cases involving allegations of police misconduct, personnel files of the defendant

5

officers are discoverable, as they may lead to evidence admissible under Federal Rule of Evidence 404(b)"). Personnel records may also be utilized to impeach the credibility of a defendant at trial. *See Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993), *as modified on denial of reh'g* (Dec. 8, 1993); *see* Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note to 2000 Amendment ("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable."); *see also* Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note to 2015 Amendment (noting that "information that could be used to impeach a likely witness" is not foreclosed by the 2015 amendments).

Rule 404 of the Federal Rules of Evidence is a character evidence rule that prohibits a party from offering evidence of a crime, wrong, or other act, to show that merely because the person committed a wrong in the past, the person had the propensity to commit the wrong at issue in the litigation. *DeLeon-Reyes v. Guevara*, No. 18 CV 1028, 2020 WL 1429521, at *2 (N.D. Ill. Mar. 18, 2020). However, the second clause of Rule 404(b) instructs that evidence of a crime, wrong, or other act can be used for certain permissible, non-propensity purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *Id*. The proponent of Rule 404(b) evidence must establish relevance to a permitted purpose "through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014).

In *Burton v. City of Zion*, plaintiff alleged a defendant officer used excessive force against her during an encounter. Prior to trial, defendant filed a motion *in limine* asking that any reference to previous use of force incidents involving him and the plaintiff be omitted from evidence at trial, which motion was granted. 901 F.3d 772 (7th Cir. 2018). In reversing the district court's decision,

the Seventh Circuit explained that defendant officer's knowledge of the prior incident involving the plaintiff was relevant to the reasonableness of his use of force in the second encounter, and thus there was a valid non-propensity reason to admit the evidence of the prior incident. *Id*. at 780.

By comparison here, Defendant Officers Portwood's, Tanner's, and Barnett's disciplinary records and internal investigation records could contain Plaintiff's own prior complaints or the complaints of other inmates regarding the working conditions in the kitchen. Records of prior accidents or, even specifically complaints regarding the use of boiling water to wash dishes, is reasonably related to Plaintiff's claims against Defendants for reckless indifference to his safety. For example, if such complaints and records do exist, Plaintiff could use them to show that Defendants had knowledge about the purportedly dangerous dish-washing practices that he was subjected to at the time his injury occurred. Plaintiff could also potentially use the records to show that his injury was not a result of Defendants' mistake or accident, or even his own carelessness. More broadly, access to discipline, complaints, and internal investigation records regarding the general working conditions at the jail could provide Plaintiff with a propensity-free chain of reasoning to introduce evidence of prior knowledge and lack of accident or mistake. Additionally, personnel files may also contain information that Plaintiff can later use to impeach a defendant at trial.

Of concern to this Court is that the exclusion of discovery into Defendants' personnel files at this stage will deprive the Plaintiff of an opportunity to seek introduction of this evidence before the district judge. For example, in *Okai v. Verfuth*, the district judge was unable to assess plaintiff's Rule 404(b) theory because plaintiff did not have copies of the officers' disciplinary records. 275 F.3d 606, 613 (7th Cir. 2001). Plaintiff had argued that the district judge erred in prohibiting him from discussing defendants' prior suspension in attempting to prove why defendant officers

assaulted him. *Id*. at 609-10. However, plaintiff had made no efforts to obtain disciplinary records from the appropriate agency so that he could present an offer of proof as to motive pursuant to Rule 404(b) at trial. *Id*. Without the documents, and an offer of proof, the Seventh Circuit affirmed the exclusion of this line of evidence. Here, while the admissibility of Rule 404(b) evidence is not before this Court, discovery into Defendants' disciplinary records, complaint histories, and internal investigations at this stage of the litigation will permit Plaintiff to develop a theory of admissibility at trial for the district judge's later consideration, and avoid the situation described in *Okai*.

However, while personnel files and complaint histories of defendant officers in misconduct cases are discoverable, the Court finds that all confidential personal identifying information should be redacted. *Smith v. Sharp*, No. 11 C 50382, 2013 WL 2298142, at *3 (N.D. Ill. May 24, 2013). This Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" during the discovery process. Fed. R. Civ. P. 26(c)(1). Releasing Defendants' personal identifying information contained in the requested files is both irrelevant and especially sensitive given their employment at a correctional facility. Courts have reasoned that personnel files of law enforcement and correctional officers require additional protection from the risk of inadvertent disclosure that could threaten their safety or that of their families. *McGee v. City of Chicago,* No. 04 C 6352, 2005 WL 3215558, at *2-4 (N.D. Ill. June 23, 2005); *Sabet v. City of N. Chicago, Illinois*, No. 16-CV-10783, 2017 WL 11595821, at *2 (N.D. Ill. Oct. 30, 2017). For that reason, and without objection by Plaintiff, the Court finds that these documents should be designated as "attorney's eyes only." *See Sabet*, 2017 WL 11595821, at *2 ("The risk that inadvertent disclosure of this information could 'unfairly and gratuitously' invade the privacy of defendants' family members . . . supports limiting disclosure of the entire personnel files and disciplinary records to Plaintiff's attorneys."). Furthermore,

8

Defendants should produce *only* the disciplinary records, complaint histories, internal investigation documents, and workplace safety training records[1] contained in their personnel files, and not the entirety of the personnel files. Defendants shall also redact addresses, telephone numbers, family histories, family member information, insurance and benefit information, and other personal identifying information found in those documents. *Smith*, 2013 WL 2298142, at *3.

### C. Rob Jeffries

Defendant Jeffries' personnel file is not discoverable. Defendant Jeffries is named only in Plaintiff's permanent injunction request in Count V. Doc. [65] at 12. Specifically, Plaintiff seeks an injunction against Defendants Jeffries and Wexford Health Sources, Inc. to prevent any further medical treatment of his injury at the Illinois Department of Corrections, but Jeffries is not named as a defendant in Plaintiff's inadequate medical care claim. Doc. [65] at 8. Plaintiff's allegations appear to be directed at Jeffries because he is the Acting Director of the Illinois Department of Corrections, but there is no allegation in the Complaint that he was personally involved in the incident giving rise to Plaintiff's claim of deliberate indifference. As a result, Jeffries' personnel file is irrelevant and need not be produced at this time.[2]

---

[1] Plaintiff has asked for workplace safety training records, and Defendants have not advanced a specific objection to the production of these documents. They are indeed relevant in a claim where an inmate was injured at a workplace within a correctional facility, and thus also ordered produced.

[2] Defendants also make a perfunctory claim that Plaintiff's motion to compel is untimely because two defendants have already been deposed and they purportedly will not be able to testify about the information in the personnel files. This argument is frivolous. A defendant is the master of his own testimony, and to the extent needed, can introduce an affidavit at summary judgment to support his version of the events. More importantly, it is hard to see the prejudice to a defendant because he did not have the opportunity to testify about an incident at *his* own deposition, and will testify to the event for the first time at *his* trial. This argument is usually made by an opposing party because that is the truly the place where potential prejudice could occur as a result of completed depositions. The concern does not equally apply to the defendants-deponents here.

**Conclusion**

For the foregoing reasons, Plaintiff's motion to compel defendants to produce documents [110] is granted in part and denied in part. By October 6, 2021, Defendants are ordered to produce the relevant files for Defendants Portwood, Tanner, and Barnett as directed above.

**SO ORDERED.**

Dated: September 23, 2021

_____
Sunil R. Harjani
United States Magistrate Judge