UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINE SMITH, ) | |
| ) | Case No. 19-cv-5329 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| DR. MARLENE HENZE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Antoine Smith brings constitutional claims against individuals employed by the Illinois Department of Corrections ("IDOC") and Wexford Health Sources ("Wexford"), which provides health care services for prisoners incarcerated at Stateville Correctional Center ("Stateville"). *See* 42 U.S.C. § 1983. Before the Court is defendant Dr. Marlene Henze's motion for summary judgment brought under Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants Dr. Henze's motion. Dr. Henze is no longer a defendant to this lawsuit. The Court will address the remaining summary judgment motions in separate rulings.

**Background**

Smith brings a First Amendment retaliation claim against Dr. Henze, who was Stateville's medical director during the relevant time period. Smith specifically alleges that Dr. Henze retaliated against him for filing a grievance about his medical care. Smith's medical grievance stems from an injury that occurred when he was working in the Stateville kitchen. Specifically, on December 18, 2018, while washing dishes with boiling water, the water splashed up and burned Smith's left arm. Smith was then rushed to Stateville's health care unit where Dr. Henze initially treated him. Thereafter, Dr. Henze and other medical professionals treated Smith's second degree burn.

Smith drafted a medical grievance concerning Dr. Henze that was generated on January 10,

2019. According to the grievance officer's report, Smith asserted that Dr. Henze did not provide proper medical treatment for his second degree burn because she just bandaged his arm. Smith also stated that the burn protocol was not followed and that he wanted to be seen by an outside burn specialist.

At his deposition, Smith testified that he told Dr. Henze he was going to file a grievance against her. After he filed the grievance against Dr. Henze, Smith contends she began a pattern of retaliation against him, which included refusing to see him at the medical center, requiring others to treat him in his cell, directing others to withhold his medications, and taking away his lower bunk and lower gallery permits.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Anderson v. Nations Lending Corp.*, 27 F.4th 1300, 1304 (7th Cir. 2022). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

"First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and

the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020); *see also Goodloe v. Sood*, 947 F.3d 1026, 1033 (7th Cir. 2020). "The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation." *Manuel*, 966 F.3d at 680. Once a plaintiff makes this prima facie showing, "the burden shifts to the defendant to rebut the claim, that the activity would have occurred regardless of the protected activity." *Id.*; *see also Thayer v. Chiczewski*, 705 F.3d 237, 252 (7th Cir. 2012). If defendant meets this burden, plaintiff "must demonstrate the proffered reason is pretextual or dishonest." *Manuel*, 966 F.3d at 680.

"A prisoner has a First Amendment right to make grievances about conditions of confinement," *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020), and thus, a "prison official may not retaliate against an inmate because he filed grievances." *Manuel*, 966 F.3d at 680. As with all constitutional claims, for "a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). The personal involvement requirement can be satisfied if the constitutional deprivation occurs at a defendant's direction or with her knowledge and consent. *See Williams v. Shah,* 927 F.3d 476, 482 (7th Cir. 2019).

First, Smith's allegation that Dr. Henze retaliated against him by refusing to see him after he filed his grievance is factually baseless. As the record establishes, Dr. Henze saw Smith on January 14, 2019, March 26, 2019, and July 25, 2019. In April 2019, Dr. Henze renewed Smith's Neurontin prescription for his diabetic neuropathy for an additional year. In addition, Smith was a "no show" for his appointments with Dr. Henze on July 23, 2019, August 9, 2019, November 21, 2019, and January 30, 2020.

Next, Smith's assertion that Dr. Henze retaliated against him by requiring Stateville medical staff to see him in his cell is also unsubstantiated. Smith was continually treated at the Stateville

healthcare unit by other medical professionals. Indeed, in his grievance, Smith admits that after his forearm was burned, he spent two and a half weeks in the infirmary and was given 24 hour treatment. Also, Smith admitted at his deposition that other medical staff treated him at the health care unit after he filed his grievance against Dr. Henze. Moreover, evidence in the record shows Smith received medical treatment for his other issues, including that in August 2019 he was approved for an ophthalmology follow-up at the University of Illinois, Chicago hospital due to his diabetic retinopathy with macular edema. Dr. Henze and another doctor approved this outside specialist.

Likewise, Smith argues Dr. Henze retaliated against him by directing others to withhold his medications. Smith's medication administration record shows that after he filed his grievance about Dr. Henze, medical staff prescribed him Benadryl, Tramadol, Neurontin, Novolin (insulin), and Ibuprofen. Meanwhile, there is no evidence in the record that Dr. Henze directed others to withhold Smith's medications.

Last, assuming Smith made a prima facie showing of his First Amendment retaliation claim, Smith has failed to rebut Dr. Henze's assertion that she would have reassigned him to a lower gallery permit regardless of his grievance against her. *See Manuel*, 966 F.3d at 680. To explain, Dr. Henze was tasked with assigning the lower bunk, lower gallery permits at Stateville. After Smith filed his grievance against Dr. Henze, she extended his lower bunk/lower gallery permits through January 25, 2020. In April 2019, however, IDOC officials tasked Dr. Henze with reevaluating the permits due to a lack of lower bunk/lower gallery spaces at Stateville. At that time, Dr. Henze evaluated Smith's medical needs and discontinued his lower gallery permit because, in her medical view, the permit was not medically necessary. She based her decision on Smith's ability to engage in physical activities. Dr. Henze never discontinued Smith's lower bunk permit.

Construing these facts in Smith's favor, Dr. Henze's reason for discontinuing Smith's lower gallery permit is not connected to Smith's medical grievance against her. Instead, it was connected to the fact that the lower gallery permit was not medically necessary. Nevertheless, Smith argues that Dr. Henze's explanation for his lower bunk reassignment was pretext. First, his pretext argument relies on the fact that less-disabled inmates did not have their lower gallery permits revoked. Smith, however, relies on vague, inadmissible hearsay to substantiate this argument. Further, he argues Dr. Henze's explanation was pretext because she told him she would renew his lower gallery permit in early 2019, but this assertion was made before IDOC directed Dr. Henze to reevaluate permits in April 2019. There is nothing presented to indicate retaliation on the part of Dr. Henze for discontinuing the lower gallery permit except that she was asked to reevaluate the permits due to space concerns. Evidence that Dr. Henze had to reevaluate lower gallery permits in April 2019 does not amount to a "shifting" explanation that would allow a reasonable factfinder to infer that Dr. Henze's proffered reason was a lie. *See McCann v. Badger Mining Corp.*, 965 F.3d 578, 590 (7th Cir. 2020) ("the explanations must actually be shifting and inconsistent to permit an inference of mendacity.") (citation omitted). As such, Smith has failed to rebut Dr. Henze's reason for discontinuing his lower gallery permit.

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion for summary judgment [137]. Dr. Marline Henze is no longer a defendant to this lawsuit.

IT IS SO ORDERED.

Date: 6/10/2022

Entered:

SHARON JOHNSON COLEMAN
United States District Judge