UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINE SMITH, | ) |
| | ) Case No. 19-cv-5329 |
| Plaintiff, | ) |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| | ) |
| ROBERT JEFFRIES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antoine Smith, by counsel, brings an Eighth Amendment deliberate indifference claim as it pertains to his work assignment at Stateville Correctional Center ("Stateville"). Before the Court are the Illinois Department of Corrections ("IDOC") defendants' motions for summary judgment brought under Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants defendants' motion. The only remaining claim in this lawsuit is Smith's First Amendment retaliation claim against defendant Sheila Portwood, who did not move for summary judgment on this claim.

**Background**

The Court presumes familiarity with its prior summary judgment rulings in this lawsuit. Viewing the facts and all reasonable inferences in Smith's favor, during the relevant time period, he worked in Stateville's kitchen. One of his duties was washing food trays because the kitchen's dishwasher had been inoperable since 2012. Defendant Quentin Tanner, who was Stateville's Food Service Program Manager, devised a system where the kitchen workers would heat water in an 80-gallon steam kettle, transfer the hot water to five-gallon buckets, transport the five-gallon buckets on a cart or wagon to the sink, and then pour the bucket of hot water into the sink where the inmates would wash the trays by hand. Kitchen workers were required to wear gloves, hairnets, and aprons

while working in the kitchen, although these items and other protective/safety equipment were not always available. Prior to December 18, 2018, Smith complained to Tanner about working with hot water without safety equipment.

On December 18, 2018, defendant Sheila Portwood, who was the Food Service Supervisor at the Stateville kitchen, directed Smith to manually wash the food trays. Smith had previously complained to her about the unsafe practice of pouring hot water into the sink without protective or safety equipment. Defendant Shanall Barnett, a Food Supervisor, was present and told Smith to make sure the water was not hot or scalding. Smith complied with Portwood's order and while he was pouring the water into the sink with another inmate, it splashed up on his left forearm causing second degree burns.

Smith was then rushed to Stateville's healthcare unit where Stateville's medical director initially treated his arm for second degree burns. Later that same day, Stateville physician Dr. Catalino Bautista treated Smith's left forearm with Silvadene cream and then bandaged it. Dr. Bautista also prescribed Tramadol, an opioid pain medication. Starting on December 21, 2018, Smith spent two and a half weeks in the Stateville infirmary and was given 24-hour treatment for his burn injury. After he was released from the infirmary, medical staff continually treated Smith's burn, including changing the dressing, applying Silvadene cream, and administering Tramadol and Benadryl. Medical staff treated Smith's burn injury until at least March 24, 2019.

After Smith was burned by the hot water used to manually wash the dishes in late 2018, IDOC purchased a new dishwasher in 2019 with an installation cost of $167,315.44. The responsibility for purchasing and installing the new dishwasher was shared among multiple departments and levels of the administration with IDOC and the State of Illinois.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.E.2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255.

**Discussion**

To establish his rights were violated under the Eighth Amendment, Smith must show the IDOC defendants acted with deliberate indifference to an excessive risk to his health or safety. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 376 (7th Cir. 2020) (en banc). The Eighth Amendment's prohibition against cruel and unusual punishment applies to prison work assignments. *Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011). This prohibition occurs when a prison official knowingly compels a prisoner to do work that endangers the prisoner's life or health, causes undue pain, or exceeds the prisoner's physical strength. *Id.* Like all conditions of confinement claims, at summary judgment, Smith must set forth evidence creating a triable issue of fact that: (1) he suffered a sufficiently serious and substantial risk to his health or safety; and (2) prison officials knew of and disregarded the excessive risk of harm. *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021). As with all constitutional claims, for "a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018).

Here, there is evidence in the record that the harm Smith suffered was sufficiently serious and that Stateville's dishwashing process created a substantial risk to his health and safety under the first deliberate indifference requirement. The hot water that splashed on Smith's forearm caused

second degree burns resulting in undue pain and requiring prescription pain medication that was an opioid analgesic. Stateville medical staff treated Smith's second degree burn injury for three months, which included dressing changes, prescription pain medication, and monitoring the burn injury for infections. Viewing this evidence in his favor, Smith has raised a genuine dispute of material fact that his health was seriously endangered and that the harm caused undue pain. *See Smith*, 631 F.3d at 420.

In addition, there is evidence in the record creating a triable issue of fact that Smith and other inmates complained to Tanner, Portwood, and Barnett about the unsafe work conditions in relationship to the hot water and that protective gear was not always available. This testimony raises a triable issue of fact that IDOC kitchen management was aware of the substantial risk of serious harm to the inmate kitchen staff. *See Eagan,* 987 F.3d at 694.

Turning to whether IDOC defendants disregarded the excessive risk of harm, both Tanner and Barnett testified that they tried to ensure safety measures in the kitchen to the best of their ability despite the fact that protective and safety equipment was not always available. Barnett testified that she instructed inmate kitchen staff to heat the water, not boil the water, when preparing to wash the dishes. In fact, on the day of Smith's burn injury, Barnett was present and cautioned Smith to make sure the water was not scalding. Meanwhile, Tanner testified that he attempted to order safety gear, such as boots and gloves to replace missing ones, but that budgetary constraints often left the kitchen staff with only yellow plastic gloves to wear. Tanner also worked with Safety and Sanitation and others in an attempt to replace the dishwasher.

At best, this evidence indicates Tanner and Barnett were negligent in their response to the substantial risk to inmate health and safety based on the hot water used to wash Stateville's food trays. *See Johnson v. Dominguez,* 5 F.4th 818, 825 (7th Cir. 2021) ("establishing deliberate indifference requires more than negligence"). These IDOC defendants took "reasonable measures to guarantee

4

the safety of inmates," *see Farmer*, 511 U.S. at 832, even though these measures were unsuccessful. *Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) ("Evidence that the defendant responded reasonably to the risk, even if he was ultimately unsuccessful in preventing the harm, negates an assertion of deliberate indifference."). As such, Smith has not presented evidence raising a triable issue of fact that Tanner and Barnett were deliberately indifferent to the substantial risk of harm under the subjective element of Smith's claim.

As to Portwood, her focus on who was in charge of fixing the dishwasher falls flat because the challenged conduct involves the handwashing of the food trays using the method devised by Tanner. Her argument that Tanner was her supervisor and was the "ultimate decision maker" does not refute the undisputed evidence that it was the responsibility of all of the IDOC kitchen staff to monitor safety gear for the kitchen. Equally important, it is undisputed that Portwood, the Food Service Supervisor, was responsible for inmate safety. Nonetheless, despite Portwood's deficient showing as to the merits of Smith's claim, as discussed below, all three IDOC defendants are shielded by qualified immunity.

*Qualified immunity*

Defendants argue they are not liable based on the doctrine of qualified immunity. "[Q]ualified immunity protects government officials from liability for civil damages in situations in which their conduct does not violate a clearly established statutory or constitutional right." *Gupta v. Melloh*, 19 F.4th 990, 1000 (7th Cir. 2021). Smith must make two showings to overcome the IDOC defendants' assertion of qualified immunity: (1) he must demonstrate that the facts, viewed in his favor, establish a constitutional violation; and (2) he must show the IDOC defendants' conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gaddis v. DeMattei,* 30 F.4th 625, 632 (7th Cir. 2022) (quoting *Harlow v. Fitzgerald*, 457

U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The Court turns to the second factor because it is dispositive.

The Court's inquiry into whether the IDOC defendants' conduct clearly violates established law is undertaken in light of the specific facts and context of a case. *See Gaddis*, 30 F.4th at 632. A constitutional right is clearly established when "a reasonable official would understand that what he is doing violates the right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). To make this showing, a plaintiff must identify a closely analogous, not necessarily identical, case identifying the right. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). "The dispositive question 'is whether the violative nature of *particular* conduct is clearly established.'" *Id.* (citation omitted, emphasis in original). When determining whether a constitutional right is clearly established, courts "analyze whether precedent squarely governs the facts at issue, mindful that [courts] cannot define clearly established law at too high a level of generality." *Smith v. Finkley*, 10 F.4th 725, 742 (7th Cir. 2021) (citation omitted). It is the plaintiff's burden to show that a particular right is clearly established. *Cibulka v. City of Madison*, 992 F.3d 633, 640 (7th Cir. 2021).

To show his constitutional deprivation was clearly established, Smith points to the unpublished decision in *Aguilar v. Davis*, No. 14-cv-0344, 2017 WL 192752, at *5 (S.D. Ill. Jan. 18, 2017) (Reagan, J.), in which the plaintiff inmate worked at the prison's general store loading and unloading trucks, moving pallets, and sweeping the floor. At summary judgment, the district court concluded there was a material question of fact concerning the risk of danger based on plaintiff riding in the back of an open truck to distribute pallets of food and toiletries throughout the facility. *Id.* at *5. The district court also concluded that defendants were not shielded by qualified immunity as to the clearly established requirement without discussing an analogous case identifying the right. Instead, the court noted "there is not a large body of Eighth Amendment precedent regarding prison workplace safety." *Id.* at **5-6.

6

Smith has failed in his burden of establishing that his constitutional right is clearly established, namely, the contours of his right are sufficiently clear that a reasonable official would understand what he is doing violates that right. Not only are the facts in *Aguilar* completely distinguishable from the case at hand, but Smith has not pointed to "existing precedent [that] placed the statutory or constitutional question beyond debate." *Siddique v. Laliberte,* 972 F.3d 898, 903 (7th Cir. 2020) (citation omitted). Instead, Smith—relying on *Aguilar*—contends the clearly established law is prison workers have a right to be safe from dangerous conditions in the workplace. Smith's definition of his "clearly established" right is too broad of a proposition. *See Gaddis*, 30 F.4th at 632 ("The showing of clearly established law must be specific to the particular facts of the case."). Thus, Smith has not sufficiently identified clearly establish precedent.

On a final note, the Court denies Smith's request for injunctive relief because he has failed to establish a continuing violation of federal law. *See Kress v. CCA of Tennessee, LLC,* 694 F.3d 890, 894 (7th Cir. 2012) ("[D]elaratory or injunctive relief is only proper if there is a continuing violation of federal law.").

**Conclusion**

For the foregoing reasons, the Court grant defendants' motions for summary judgment [147, 151]. By agreement of the parties, the Court dismisses defendant Jermiagh Daly from this lawsuit. The only remaining claim in this lawsuit is Smith's First Amendment retaliation claim against defendant Sheila Portwood.

IT IS SO ORDERED.

Date: 6/28/2022

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge